UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SENSORY TECHNOLOGIES, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>LOGMEIN, INC.,<br><br>　　Defendant. | CASE NO. 1:14-cv-1406 |

# COMPLAINT

Plaintiff, Sensory Technologies, LLC ("Sensory"), for its causes of action against Defendant, LogMeIn, Inc. ( "LogMeIn"), alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for injunction, declaratory judgment, damages, and other appropriate relief arising out of defendant's violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C. §1125(a) and, 15 U.S.C. §117(c), as well as defendant's unfair competition and the common law of Indiana, arising from LogMeIn's unauthorized use of Sensory's federally registered trademark JOIN® (the "JOIN® trademark") in connection with video conferencing services.

## PARTIES

2.  Sensory is an Indiana limited liability corporation with a business address of 6951 Corporate Circle, Indianapolis, Indiana 46278. Sensory conducts business within the borders of Indiana, through the internet, and throughout the United States.

3. Upon information and belief, LogMeIn is a Delaware corporation with a business address of 320 Summer Street, Boston, Massachusetts 02210. LogMeIn conducts business within the borders of Indiana, through the internet, and throughout the United States

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is based on 28 U.S.C.§ 1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

5. Upon information and belief, this Court has personal jurisdiction over LogMeIn as a result of LogMeIn's use of Sensory's JOIN® trademark throughout United States commerce, including in this judicial district. The website used by LogMeIn to promote its infringing services is interactive, is being used by, and is targeted towards, individuals within the state of Indiana, and the harm caused by LogMeIn's infringement is felt within the state of Indiana.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## FACTUAL ALLEGATIONS

7. Sensory incorporates by reference the allegations in paragraphs 1 - 6 above as if separately repeated here.

8. JOIN® brand virtual meeting/video conferencing services are one of Sensory's most valuable assets and popular products. (Exhibit A).

9. Sensory's JOIN® conferencing services function to connect audio, video and web technologies in virtual meeting rooms and include videoconferencing, content sharing and collaboration.

10. The JOIN® brand conferencing services are associated with Sensory and distinguish Sensory from its competitors.

11. Sensory's JOIN® brand conferencing services are a major component of Sensory's prospective growth strategy, and a key to the future of Sensory's business.

12. Sensory's JOIN® conferencing services are purchased by large Fortune 500 companies, as well as small startup companies.

13. In the first 6 months of this year, Sensory estimates that more than 15,000 users participated in JOIN® enabled conferences, engaging in over 7,650 hours of usage.

14. Sales of Sensory's JOIN® brand conferencing services have roughly doubled in each year since inception, a trend that is expected to continue.

15. Sensory owns the federal registration for the JOIN® trademark (U.S. Trademark Registration No. 3622883) (the "JOIN® Registration"), in connection with "*teleconferencing and video conferencing services*:" (Exhibit B).

16. The JOIN® Registration is active, incontestable, and constitutes *prima facie* evidence of Sensory's ownership of the validity of the JOIN® trademark.

17. Sensory's first use of its JOIN® trademark in connection with video conferencing services was, on or before, March 26, 2008.

18. In addition to being inherently distinctive, Sensory's JOIN® trademark has acquired significant secondary meaning.

19. Upon information and belief, LogMeIn is a large publically traded company located in Boston, Massachusetts and is a provider of SaaS and cloud-based remote connection services.

20. According to documents signed under oath and filed with the United States Patent and Trademark Office, in July 2010, more than two years after Sensory began using JOIN® in connection with video conferencing services, LogMeIn began using JOIN.ME, also in connection with video conferencing services.

21. According to Patent and Trademark Office records, LogMeIn filed four separate trademark applications related to the mark JOIN.ME, three of which became registered in 2011 (herein, the "LogMeIn Applications"):

| Serial Number | Reg. No. | Mark | Covered Services |
|---|---|---|---|
| 86279876 | | JOIN.ME | *Mobile device software for use in screen sharing that allows simultaneous and asynchronous viewing, remote control of a computer, document sharing, file transferring, instant messaging and audio conferencing.* |
| 85201518 | 3995301 | join me (orange/green logo) | *Providing online, non-downloadable software for web-based screen sharing that allows simultaneous and asynchronous viewing, remote control of a computer, document sharing, file transferring, instant messaging and audio conferencing.* |
| 85201516 | 3995300 | join me (black/white logo) | *Providing online, non-downloadable software for web-based screen sharing that allows simultaneous and asynchronous viewing, remote control of a computer, document sharing, file transferring, instant messaging and audio conferencing.* |
| 85158055 | 4036263 | JOIN.ME | *Providing online, non-downloadable software for web-based screen sharing that allows simultaneous and asynchronous viewing, remote control of a computer, document sharing, file transferring, instant messaging, and audio conferencing.* |

22. The marks covered in the LogMeIn Applications are used in connection with video conferencing services that are nearly identical to those covered by the JOIN® Registration.

23. LogMeIn applied for and operates the website join.me, a domain incorporating a mark that is confusingly similar to the JOIN® trademark, where it advertises and markets its infringing products and services.

24. The marks covered by the LogMeIn Applications are confusingly similar, both visually and phonetically, to Sensory's JOIN® trademark and therefore violate and damage Sensory's exclusive rights.

25. The marks covered in the LogMeIn Applications cause consumer confusion with Sensory's JOIN® trademark.

26. LogMeIn has willfully and intentionally engaged in the foregoing business with the knowledge that the JOIN® trademark is the federally registered property of Sensory and that the advertisement, sale and marketing of LogMeIn's JOIN.ME branded services was unauthorized.

27. Sensory and LogMeIn target the same customers for their conferencing services.

28. LogMeIn's use of the JOIN.ME marks has caused actual consumer confusion.

29. LogMeIn has not received permission to use the JOIN® trademark, or any similar mark, from Sensory.

30. LogMeIn's advertisement, sale, and marketing of its services using the JOIN.ME trademark, without permission, is a deliberate attempt to trade on the valuable trademark rights and goodwill developed and established by Sensory.

31. LogMeIn engaged in the foregoing action with the intent that its use of the JOIN.ME trademark would cause confusion, mistake or deception among members of the general public.

32. LogMeIn has traded on, and profited from, the valuable goodwill and reputation developed and cultivated by Sensory.

## COUNT I
### Trademark Infringement - 15 U.S.C. § 1114

33. Sensory incorporates by reference the allegations in paragraphs 1 - 32 above as if separately repeated here.

34. LogMeIn's conduct as described herein violates 15 U.S.C. § 1114(1) which specifically forbids LogMeIn to:

   a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

   b. reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

35. LogMeIn's conduct also constitutes common law trademark infringement.

36. These wrongful acts were committed with knowledge that such imitation, as described, were intended to be used to cause confusion, or to cause mistake, or to deceive.

37. As a result of LogMeIn's conduct, Sensory has been damaged and is entitled to damages, including but not limited to, LogMeIn's profits from the sale of all infringing goods and services, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

## COUNT II
### False Designation of Origin – 15 U.S.C. § 1125(a)

38. Sensory incorporates by reference the allegations in paragraphs 1 - 37 above as if separately repeated here.

39. LogMeIn's conduct as described herein violates 15 U.S.C.§1125(a)(1)(A) which specifically prohibits it from making:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A)  is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

40. Sensory has been damaged and/or is likely to be damaged by the wrongful conduct of LogMeIn.

41. LogMeIn's violations of 15 U.S.C. §1125(a) entitle Sensory to recover damages, including but not limited to, LogMeIn's profits from the sale of all infringing products and services, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

## COUNT III
### Common Law Trademark Infringement

42. Sensory incorporates by reference the allegations in paragraphs 1 - 41 above as if separately repeated here.

43. LogMeIn, with knowledge of and intentional disregard for the rights of Sensory, offered for sale, conferencing services using Sensory's JOIN® trademark, or confusingly similar imitations thereof.

44. LogMeIn's use of Sensory's JOIN® trademark has created a likelihood of confusion among consumers.

45. LogMeIn's actions, as described herein, constitute trademark infringement and unfair competition in violation of the common law of Indiana.

46. LogMeIn's actions, as described herein, have caused, and are causing, continuing and irreparable harm to Sensory, harm that will continue unabated unless permanently enjoined by this Court.

## COUNT IV
### Unfair Competition

47. Sensory incorporates by reference the allegations in paragraphs 1 - 46 above as if separately repeated here.

48. LogMeIn's unlawful and unauthorized use of the JOIN® trademark constitutes unfair competition with Sensory. LogMeIn's conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of such unauthorized products and services by, among other things, unfairly imitating Sensory's JOIN® trademark. LogMeIn's actions was, and continues to be, calculated to cause damage to Sensory in its lawful business, such actions taken with the unlawful purpose of causing damage without right or justifiable cause.

49. LogMeIn's conduct as described herein has directly and proximately caused Sensory to incur substantial monetary damages.

50. LogMeIn acted willfully and maliciously, with full knowledge of the adverse effect its wrongful conduct would have on Sensory, and with a conscious disregard for the rights of Sensory.

51. LogMeIn's unfair competition entitles Sensory to recover damages including, but not limited to, LogMeIn's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

## COUNT V
### Forgery: Indiana Crime Victims Act - IC §35-43-5-2

52. Sensory incorporates by reference the allegations in paragraphs 1 - 51 above as if separately repeated here.

53. LogMeIn knowingly or intentionally made or uttered a written instrument in such a manner that it ported to have been made by Sensory.

54. LogMeIn possessed more than one (1) written instrument knowing that the written instruments were made in a manner that they purported to have been made by another person.

55. LogMeIn, with the intent to defraud, made, uttered or possessed a written instrument in such a manner that it purports to have been made by another person.

56. Sensory did not give LogMeIn the authority to make or possess or disseminate the JOIN® trademark.

57. LogMeIn's acts have damaged and will continue to damage Sensory, and Sensory has no adequate remedy at law.

58. In addition to injunctive relief, Sensory also seeks an award of actual damages, treble damages, costs and attorney's fees, pursuant to the Indiana Crime Victims Act, IC §34-24-

3-1, for pecuniary losses resulting from LogMeIn's forgery even though monetary damages alone are inadequate to fully compensate Sensory for LogMeIn's conduct.

## COUNT VI
## Declaratory Judgment of Trademark Invalidity

59. Sensory incorporates by reference the allegations in paragraphs 1 - 58 above as if separately repeated here.

60. An actual controversy has arisen and now exists between Sensory and LogMeIn regarding LogMeIn's unauthorized and unlicensed use of the JOIN® trademark, or marks confusingly similar thereto, in its advertising, sale and distribution of unlicensed goods and services.

61. The dispute between the parties includes, but is not limited to, whether LogMeIn has violated §§ 114(1) and 1125(a) of Title 15 of the United States Code or has otherwise engaged in unfair competition.

62. Sensory desires a judicial determination of the rights of Sensory and LogMeIn regarding the rights to usage of the JOIN.ME Applications and trademark and such a determination is necessary and appropriate at this time.

63. Sensory desires a judicial determination that the JOIN.ME Applications, any registrations stemming therefrom, and the underlying trademarks, are invalid and should be cancelled where such action is applicable.

## Count VIII
## Permanent Injunctive Relief

64. Sensory incorporates by reference the allegations in paragraphs 1 - 63 above as if separately repeated here.

65. As a result of LogMeIn's violation of the Lanham Act, Indiana statute, the common law of Indiana, as well as other causes of action stated herein, Sensory has suffered and will continue to suffer irreparable harm to their businesses and business' reputation.

66. If LogMeIn is not enjoined from using the JOIN® trademark, Sensory will continue to suffer irreparable harm.

67. Sensory is entitled to a permanent injunction prohibiting LogMeIn from marketing, distributing, promoting, or otherwise selling any goods or services utilizing the JOIN® trademark, or any confusingly similar mark, and other fair and equitable relief.

## Prayer For Relief

WHEREFORE, Sensory Technologies, LLC prays for judgment in its favor and against LogMeIn and seeks the following relief:

A declaratory judgment that LogMeIn has:

(i) Violated 15 U.S.C. § 1114 and other statutory and common law authority by infringing upon the JOIN® trademark; and

(ii) Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of goods and services or engaging in false or misleading descriptions or representations of fact with respect to the origin of goods and services in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of LogMeIn and LogMeIn's goods and services with Sensory; and

(iii) Engaged in unfair competition by causing confusion in the minds of consumers and general public as to the source and sponsorship of services sold by LogMeIn; and

b. That, pursuant to 15 U.S.C. § 1116, LogMeIn and its owners, partners, officers,

directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the from:

    (i)    Infringing on the JOIN® trademark in any manner; and

    (ii)    Manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the JOIN® trademark; and

    (iii)    Otherwise infringing on the JOIN® trademark, or any confusingly similar mark; and

    (iv)    Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that LogMeIn's services are endorsed by Sensory or any related company, sponsored by Sensory or any related company, or are connected in any way with Sensory or any related company; and

    (v)    Using the JOIN® trademark in any manner whatsoever;

    (vi)    Holding itself out as a licensee or otherwise authorized user of the JOIN® trademark; and

    (vii)    Using the JOIN® trademark in promotional literature or materials, including those posted on the Internet.

    c.    That, pursuant to 15 U.S.C. § 1117, Sensory be awarded such damages available under the Lanham Act, including but not limited to, actual damages, statutory damages, LogMeIn's profits, treble damages, costs of suit and attorney's fees, as well as all applicable prejudgment interest;

    d.    That Sensory be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications;

    e.    That Sensory be awarded such other damages, including but not limited to,

punitive damages, to which may show itself entitled to recover;

      f.      That LogMeIn be required to transfer all domains under its custody or control, incorporating the JOIN® trademark, to Sensory, and be enjoined from registering similar domains in the future..

      g.      All other just and proper relief.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues triable by jury.

Dated: August 26, 2014                    Respectfully submitted,

      /s/*Jonathan G. Polak*
      JONATHAN G. POLAK (Atty. No. 21954-49)
      TAFT STETTINIUS & HOLLISTER LLP
      One Indiana Square, Suite 3500
      Indianapolis, IN 46240
      Phone: (317) 713-3500
      Fax:   (317) 713-3699
      Email: jpolak@taftlaw.com

      *Attorneys for Plaintiff, Sensory Technologies, LLC*

*2194344v1*